### FISHBACK v CROKER et

Ohio Appeals, 2nd Dist, Greene Co

No 342. Decided Nov 25, 1931

C. W. Whitmer, for plaintiff.
Marshall & Marshall, Xenia, for defendant Croker.

BY THE COURT

John E. Lewis, rental agent for Mrs. Croker, Lucy Brown, who has known the Fishback and Croker properties for twenty years, Warren Roberts, whose aunt lived in the Croker house, and who knew the premises for thirty-four years, Oscar Harris, sixty-six years old, and who knew the premises for thirty years or more, Nellie Ellis, who lived in the Croker house as a child until she was seven years of age and has kept in touch with the premises since that time, all testified that for a long time (by several of them fixed as more than twenty one years) there was a short fence parallel to Main Street and extending west and connecting with a fence which ran parallel to the Croker house and extending back, some witnesses, say, as far as the southwest corner of the Croker house, and others uncertain how far back and still others, that it extended the full length of the lot.

Whereas John Kelsey, who had lived for twenty years within one square from the Fishback property and had known the property for twenty four years, Jennie M. Thomas, who lived across the street from the property twenty nine years, James White who had lived near to and had known the property for thirty seven years all say that to their knowledge there never was any fence along Main Street and paralleling the Croker house such as the witnesses for defendant Croker testified.

It is common knowledge that the recollection of witnesses respecting lines and monuments of title is apt to be uncertain. In this case there are a number of witnesses who have lived in the immediate vicinity of the properties in question, had opportunity almost daily for many years to observe them and have no ulterior motive in testifying, and they differ radically on the question whether or not a fence extended in front and along side of the Croker residence.

The evidence does not afford that convincing effect which we should like to have in determining the property lines. The five feet of land in controversy here has not passed by deed, conveyance or inheritance to either the plaintiff Fishback or defendant Croker. Their title, if any, is by prescription and so much of the real estate described in the petition as is awarded to either of them must be done after the court has found they are entitled thereto by adverse possession.

Upon a fair consideration of all the record, we are of opinion that it fairly supports a finding that two and one-half feet of the strip of land described in the petition, parallel to and east of plaintiff Fishback, shall be decreed to the plaintiff, and the remaining two and one-half feet decreed to the defendant Croker. It will be so ordered.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.